UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEVIN LANG,

        Plaintiff,                            Hon. Ellen S. Carmody

v.

                                              Case No. 1:14-cv-651

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. On September 10, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #10).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

1

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords

to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 26 years of age on his alleged disability onset date.  (Tr. 158).  He completed one year of college and previously worked as a bench grinder and cook helper.  (Tr. 65-66, 200).  Plaintiff applied for benefits on April 12, 2011, alleging that he had been disabled since June 3, 2007, due to numbness and pain in his left arm, anxiety, bi-polar disorder, and depression.  (Tr. 158-71, 199).  Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 72-157).  On December 3, 2012, Plaintiff appeared before ALJ William Reamon with testimony being offered by Plaintiff and a vocational expert.  (Tr. 38-71).  In a written decision dated January 25, 2013, the ALJ determined that Plaintiff was not disabled.  (Tr. 23-33).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 1-6).  Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R.

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) anxiety disorder; (2) affective disorder; (3) personality disorder; and (4) history of drug/alcohol abuse in full, sustained remission, severe impairments that whether considered alone or in combination with other impairments, failed

---

404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 26). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform work subject to the following limitations: (1) he is capable of understanding, remembering, and carrying out simple instructions; (2) he can have no more than occasional interaction with the general public, co-workers, and/or supervisors; (3) he would work best in small familiar group settings or in solitary work settings; and (4) he can tolerate occasional work setting adjustments. (Tr. 27).

At the administrative hearing, a vocational expert testified that if limited to the extent reflected in the ALJ's RFC determination, Plaintiff would be able to perform his past relevant work as a cook helper. (Tr. 65-70). The vocational expert further testified that there existed in the national economy approximately 96,400 other jobs which Plaintiff could perform consistent with his RFC. (Tr. 69). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

**I.        The ALJ Properly Considered Plaintiff's State Benefits**

At the administrative hearing, Plaintiff, in response to questioning from his attorney, testified that he was presently receiving "state disability." (Tr. 52). Plaintiff did not elaborate on this matter or specify the basis for receiving such benefits. The record does contain a copy of a three page printout indicating that Plaintiff was receiving $269.00 monthly from a State of Michigan assistance program. (Tr. 195-97). This documentation, however, does not indicate whether such benefits are premised upon a finding of disability (i.e., an inability to work) or instead premised upon some other circumstance. (Tr. 195-97). The ALJ afforded this documentation "no weight" because it "does not refer to any disability matter at all, and there is no mention of medical documents,

diagnoses, or a prognosis to utilize." (Tr. 31). Plaintiff argues that he is entitled to relief because the ALJ failed to accord appropriate weight to the fact he was receiving cash payments from the State of Michigan. Plaintiff further faults the ALJ for failing to develop the administrative record with respect to this matter. The Court is not persuaded.

As previously noted, Plaintiff has presented no evidence that the aforementioned benefits are based upon a finding that he is unable to work. Moreover, even if such were the case, such a determination is not binding on the Social Security Administration. *See, e.g., Turcus v. Social Security Administration*, 110 Fed. Appx. 630, 632 (6th Cir., Sept. 17, 2004) ("a decision by another government agency as to an individual's disability is not binding upon the Social Security Administration"). Plaintiff's argument that the ALJ failed to further develop the record with respect to this issue is equally unavailing.

Plaintiff bears "the ultimate burden of producing sufficient evidence to show the existence of a disability." *Allison v. Apfel*, 2000 WL 1276950 at *5 (6th Cir., Aug. 30, 2000) (citations omitted). As the relevant Social Security regulations make clear, it is the claimant's responsibility to provide the evidence necessary to evaluate his claim for benefits. *See* 20 C.F.R. §§ 404.1512-1514 and 416.912-914. As the Supreme Court has observed, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Yuckert*, 482 U.S. at 2294 n.5.

Only under "special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, *and* is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record." *Trandafir v. Commissioner of Social Security*, 58 Fed. Appx. 113, 115 (6th Cir., Jan. 31, 2003) (emphasis added). Plaintiff was represented at the

administrative hearing and there is no evidence that his counsel was incapable of advocating Plaintiff's position or was unfamiliar with the relevant hearing procedures. Thus, the Court finds that the ALJ was not under a heightened duty to develop the record in this matter. Accordingly, these arguments are rejected.

**II.       The ALJ Properly Evaluated Kimberly Shaw's Opinions**

On November 29, 2012, Kimberly Shaw, LMSW, completed a form regarding Plaintiff's ability to perform "mental work-related activities." (Tr. 413-15). Shaw concluded that Plaintiff suffered from extreme, work-preclusive limitations. (Tr. 413-15). The ALJ afforded limited weight to Shaw's opinion on the ground that such was inconsistent with the medical evidence, including Shaw's own contemporaneous treatment notes. (Tr. 30). Plaintiff argues that he is entitled to relief because the ALJ failed to afford "controlling and/or great weight" to Shaw's opinions.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based

upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion,

(4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

First, Shaw, a social worker, is not considered an acceptable medical source, thus her opinion is not entitled to any special deference. *See* 20 C.F.R. §§ 404.1502, 404.1513(a), 416.902, 416.913; *Dykes v. Colvin*, 2014 WL 585319 at *3 (W.D. Ky., Feb. 13, 2014). The requirement that an ALJ articulate "good reasons" for affording less than controlling weight to a care provider's opinion only applies to opinions rendered by acceptable medical sources. *See, e.g., Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007).

Nevertheless, social workers and other unacceptable medical sources, are permitted to offer statements regarding "the severity of [a claimant's] impairment(s) and how [such] affects [his] ability to work." *See*, *e.g.*, 20 C.F.R. §§ 404.1513(d); 416.913(d). While such statements can never be afforded controlling weight, the ALJ must evaluate such by reference to the factors identified above. *See*, *e.g.*, *Gayheart*, 710 F.3d at 378 ("[t]he factors set forth in 20 C.F.R. § 404.1527. . .represent basic principles that apply to the consideration of all opinions from medical sources. . .who have seen the individual in their professional capacity").

The form which Shaw completed assessed Plaintiff's abilities in nineteen separate areas of functioning. Shaw concluded that in 15 of 19 categories, Plaintiff experienced a level of impairment that either "seriously" interfered "with the ability to function independently, appropriately and effectively on a sustained basis" or was simply "incompatible with the ability to

9

do any gainful activity." The medical evidence, however, reveals that while Plaintiff experiences certain emotional impairments, the severity of such is modest and responsive to treatment. (Tr. 271-315, 346-52). Shaw even characterized Plaintiff's impairments as "moderate" and did not report findings consistent with her subsequent opinion. (Tr. 369-71, 376, 379, 385, 387, 389, 394-95). The ALJ's rationale for discounting Shaw's opinions is supported by substantial evidence. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date:  June 17, 2015                                     /s/ Ellen S. Carmody
                                                         ELLEN S. CARMODY
                                                         United States Magistrate Judge